**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CABRERA,<br><br>             Plaintiff,<br><br>     vs.<br><br>TRUEACCORD CORP.,<br><br>             Defendant | CASE NO. 5:20-cv-2125<br><br>COMPLAINT FOR DAMAGES<br><br>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;<br><br>Jury Trial Demanded |

**COMPLAINT**

NOW COMES Linda Cabrera ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of TrueAccord Corp. ("Defendant") as follows:

**INTRODUCTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the FDCPA and 28 U.S.C. §1331 and 1337.

3. Venue is proper in this Court as Defendant conducts business in the Central District of California, Plaintiff resides in the District, and a substantial portion of the events or omissions giving rise to the claims occurred within the District.

## PARTIES

4. Plaintiff is a consumer and natural adult person who, at all times relevant, is a consumer as defined in 15 U.S.C. §1692a(3).

5. Defendant is an online debt collector incorporated in Delaware, with its principal place of business located at 303 Second Street, Suite 750 South, San Francisco, California. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

6. TrueAccord states on its website that it is "a debt collection company started by people who had experienced bad treatment in the debt collection process. We recognized an opportunity to build a system to fundamentally change debt collection, so we created TrueAccord to turn collections into a recovery and reconciliation process." (https://consumers.trueaccord.com). TrueAccord utilizes e-mail and other electronic media to collect upon debts owed by consumers throughout the country, including in California.

## FACTUAL ALLEGATIONS

7. Defendant has been attempting to collect from plaintiff an alleged debt incurred for primarily personal, family or household purposes.

8. At some time prior to September 18, 2020, Defendant acquired the right to collect the outstanding balance.

9. When Defendant acquired the right to collect the alleged debt, the alleged debt was in default.

10. Defendant sent an email notice to Plaintiff in an attempt to collect on the debt that was Defendant's initial communication to Plaintiff.

11. Defendant's communication to Plaintiff did not include a 30-day validation notice.

12. Subsequently, Defendant failed to send to Plaintiff a 30-day validation notice as required by 15 U.S.C. §1692g.

13. Due to Defendant's failure to send a 30-day validation notice, Plaintiff was confused and believed she was unable to dispute or verify the subject debt.

14. Plaintiff was concerned about the potential ramifications of receiving such an unclear letter from Defendant.

15. Concerned about the violations of her rights, Plaintiff sought the assistance of counsel.

16. Plaintiff has expended time consulting with her attorneys as a result of Defendant's deceptive and misleading actions.

17. Plaintiff was unduly inconvenienced by Defendant's illegal attempts to collect the subject debt.

18. Defendant's illegal activities have caused Plaintiff emotional distress and mental anguish as she was confused about her rights pertaining to the subject debt.

## COUNT I
## Violations of FDCPA §1692g

22. Defendant violated 15 U.S.C. §§1692g, g(a)3, g(a)4, and g(a)5 when it failed to send Plaintiff a 30- day validation notice within 5 days of its initial communication. Furthermore, Defendant's initial communication failed to contain the right for Plaintiff to dispute within 30 days as required by g(a)3, it failed to contain the right for Plaintiff to have verification of the debt mailed to her as required by g(a)4, and it failed to contain language stating that it would provide the name and address of the original creditor if different from the current creditor as required by g(a)5. As such, Defendant's initial communication does not qualify as a 30-day validation notice. Defendant purposefully attempted to mislead and confuse Plaintiff about her rights regarding the subject debt in an attempt to coerce Plaintiff into paying the subject debt.

**WHEREFORE**, Plaintiff LINDA CABRERA respectfully requests that this Honorable Court:

1. Declare that Defendant's practices complained of violate the FDCPA;

2. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

3. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

4. Award any other relief this Honorable Court deems just and equitable.

**Plaintiff demands trial by jury.**

DATED:  October 9, 2020			Respectfully Submitted,

/s/*Nicholas M. Wajda*
Nicholas M. Wajda
Bar No. 259178
Counsel for Plaintiff
6167 Bristol Parkway
Suite 200
Culver City, California 90230
310-997-0471
nick@wajdalawgroup.com